DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

FRANK J. RIEBLI (CABN 221152)
ALEXIS J. LOEB (CABN 269895)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Frank.Riebli@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 19-558 YGR |
| Plaintiff, | REQUEST TO TAKE STATUS CONFERENCE, OFF CALENDAR, SET CHANGE OF PLEA AND SENTENCING HEARINGS, AND EXCLUDE TIME; [PROPOSED] ORDER |
| v. | |
| ESHAI DELACRUZ ROHAN KUMAR DOMINICK WONG | |
| Defendants. | |

All parties have agreed to resolve the case, and request that the Court take the September 16, 2020 status hearing off calendar and set consolidated change of plea/sentencing hearings for each of the three defendants on January 14, 2021. The parties will submit the plea agreements to the Court by October 1, 2020.

Because the government has recently produced discovery, and because the parties are finalizing the pretrial resolution of this matter, the parties agree that it is appropriate to exclude time between now and October 1, 2020 for effective preparation of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv).

Once the parties have submitted the plea agreements, the parties agree that time shall be excluded under the Speedy Trial Act until January 14, 2021, as "delay resulting from consideration by the court of a

1    proposed plea agreement to be entered into by the defendant and the attorney for the Government." 18

2    U.S.C. § 3161(h)(1)(G).

3           The ongoing COVID-19 pandemic further justifies excluding time between September 16, 2020

4    and January 14, 2021 because the ends of justice served by ordering a continuance in this case outweigh

5    the interest of the public and the defendants' right to a speedy trial, pursuant to 18 U.S.C.

6    § 3161(h)(7)(A).  Although the Speedy Trial Act does not directly address continuances stemming from

7    pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance and

8    exclude time in such circumstances.  *See, e.g.*, *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981)

9    (finding no Speedy Trial Act violation where the district court granted an ends-of-justice continuance

10   following the eruption of Mt. St. Helens).  The pandemic hampers counsels' ability to meet with the

11   defendants, relevant personnel, and witnesses.

12          On July 23, 2020, Northern District of California Chief District Judge Phyllis J. Hamilton issued

13   General Order No. 72-5, In Re: Coronavirus Disease Public Health Emergency.  General Order No. 72-5

14   set forth the Court's finding that the COVID-19 outbreak remains a national public health emergency,

15   and, in light of the emergency, sets forth various limitations regarding in-person court proceedings,

16   including a provision that guilty pleas and sentencing "shall be consolidated for a date after the

17   presentence report has been prepared."  General Order No. 74 makes additional findings regarding the

18   "extraordinary disruption" caused by the COVID-19 outbreak, and orders that felony pleas and

19   sentencings "cannot all be conducted in person without seriously jeopardizing public health and safety."

20   As recognized by General Order Nos. 72-5 and 74, the consolidated hearing requested in this matter is

21   appropriate and best serves the ends of justice during the ongoing public health emergency, and it is

22   therefore appropriate to exclude time until such a hearing can take place.

23          IT IS SO STIPULATED

24   DATED:  September 16, 2020                              Respectfully submitted,

25                                                          DAVID L. ANDERSON
26                                                          United States Attorney

27                                                          _____/s/_____
28                                                          FRANK J. RIEBLI
                                                            ALEXIS J. LOEB

STIP. AND ~~PROPOSED~~ ORDER                2
CR 19-558 YGR

1                                                         Assistant United States Attorneys

2

3 DATED:  September 16, 2020                      _____/s/ Alexis Loeb w/ permission
JOANNA SHERIDAN
Counsel for Defendant Eshai Delacruz

4

5 DATED:  September 16, 2020                      _____/s/ Alexis Loeb w/ permission
ANDREW CANTOR

6 Counsel for Defendant Rohan Kumar

7

8 DATED:  September 16, 2020                      _____/s/ Alexis Loeb w/ permission
DOUGLAS RAPPAPORT
KIRSTEN HAIGH

9 Counsel for Defendant Dominick Wong

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIP. AND P~~ROPOSE~~D ORDER          3
CR 19-558 YGR

1

[~~PROPOSED~~] ORDER

2        Based upon the facts set forth in the stipulation of the parties, and for good cause shown, IT IS

3   HEREBY ORDERED that the status hearing on September 16, 2020 shall be taken off calendar.  IT IS

4   FURTHER ORDERED that consolidated change-of-plea and sentencing hearings for all three

5   defendants shall be set for January 14, 2021 at 10:30 a.m., and that the parties shall submit plea

6   agreements by October 1, 2020.

7        The Court finds that failing to exclude the time from September 16, 2020 through October 1,

8   2020 would unreasonably deny defense counsel and the defendants the reasonable time necessary for

9   effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).

10  Once the plea agreements are submitted, time shall be excluded until the change-of-plea/sentencing

11  hearings pursuant to 18 U.S.C. § 3161(h)(1)(G).

12       The Court further finds that the ends of justice served by excluding the time from September 16,

13  2020 through January 14, 2021 from computation under the Speedy Trial Act outweigh the best interests

14  of the public and the defendants in a speedy trial in light of the COVID-19 public health emergency, for

15  the reasons set forth in the parties' stipulation and in this Court's General Orders Nos. 72-5 and 74.  18

16  U.S.C. § 3161(h)(7)(A).

17       Therefore, and with the consent of the parties, IT IS FURTHER ORDERED that the period from

18  September 16, 2020 through January 14, 2021 shall be excluded from computation under the Speedy

19  Trial Act. 18 U.S.C. §§ 3161(h)(1)(G), (7)(A), (7)(B)(iv).

20  IT IS SO ORDERED.

21

22  DATED:  _September 16, 2020_

23                                              _____
                                                HON. YVONNE GONZALEZ ROGERS
                                                United States District Judge

24

25

26

27

28